[No. F017868. Fifth Dist. Oct. 20, 1992.]

CINDY LEE HOSEK, Petitioner, v.
THE SUPERIOR COURT OF TUOLUMNE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Steven G. Mikelich for Petitioner.

No appearance for Respondent.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Karen L. Ziskind and James T. McNally, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**VARTABEDIAN, J.**—In *Whitman* v. *Superior Court* (1991) 54 Cal.3d 1063 [2 Cal.Rptr. 160, 820 P.2d 262],·the Supreme Court held that at a preliminary examination conducted pursuant to Penal Code section 872[1] an investigating officer is permitted to testify to hearsay statements he has gathered in the course of his investigation. In the present case, petitioner contends we should exclude from this rule the hearsay statements of forensic experts, or at least we should hold that the hearsay in this case was unreliable. We reject both suggestions. Nothing in Proposition 115 provides a basis for treating forensic experts differently than other potential witnesses an officer may interview during an investigation. (See § 872, as amended; Cal. Const., art. I, § 30, subd. (b).) We find the testimony in the present case was properly admitted.

### FACTS

This matter is before us on a petition for writ of prohibition, by which petitioner seeks to require the superior court to grant her motion pursuant to section 995. The following statement of facts is based upon evidence presented at the preliminary examination.

Highway Patrol Officer Norman Johnson saw petitioner driving about 8:30 p.m. on December 1, 1990. She was speeding, and he pulled her over.

Johnson was a 22-year veteran of the highway patrol, and estimated he had investigated over 2,000 driving-while-intoxicated cases. Because of petitioner's actions as she tried to produce her driver's license and because he saw empty wine cooler bottles in the car, Johnson asked petitioner if she had been drinking. She said she had. He required her to perform field sobriety tests, which she was unable to complete.

Johnson arrested petitioner. She selected a blood test pursuant to the implied consent law, and Johnson drove her to a hospital for collection of a blood sample.

A hospital employee obtained a blood sample. Johnson routed it through the evidence officers at his department, and sent it to the "crime lab" in Modesto.

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

The district attorney filed a complaint charging petitioner with one count of driving under the influence of alcohol and drugs (Veh. Code, § 23152, subd. (a)) and one count of driving with blood-alcohol level at .08 percent or above (Veh. Code, § 23152, subd. (b)) (both alleged as felonies pursuant to Veh. Code, § 23175). At the preliminary examination, Officer Johnson testified to the facts set out above.

In addition he testified that the day of the preliminary examination he conducted a telephone interview with Steve Woicheson, the criminalist who tested defendant's blood sample for alcohol content. Johnson testified that Woicheson told him he is a blood analyst. He is certified by the Department of Health to perform blood-alcohol analysis, and his laboratory is licensed by the Department of Health. Woicheson has a bachelor of arts degree in police science, with a minor in chemistry. He has completed a 120-hour course on blood-alcohol analysis and a 40-hour update course. Woicheson tested defendant's blood sample using a testing method he has employed on more than 10,000 occasions. Over defense hearsay objection, Johnson testified that Woicheson reported the blood sample from petitioner contained .18 percent alcohol.

On cross-examination Johnson acknowledged that he had never seen the blood-alcohol testing device, did not know how it works, and did not know what safeguards for reliability the device employed.

The magistrate held petitioner to answer. The district attorney filed an information. Petitioner's counsel filed a section 995 motion in the superior court seeking to set aside the information on the basis that the results of the blood alcohol test should have been excluded as hearsay. The motion was denied and petitioner brought this writ petition.

## DISCUSSION

In *Whitman v. Superior Court, supra,* 54 Cal.3d 1063, the Supreme Court concluded that "Proposition 115 creates a new exception to the hearsay rule which allows a qualified investigating officer to testify about otherwise inadmissible hearsay statements made to *him* by persons *he* has interviewed." (*Tu v. Superior Court* (1992) 5 Cal.App.4th 1617, 1622 [7 Cal.Rptr. 758].) ▉ Petitioner contends this exception to the hearsay rule should not apply to the extrajudicial statements of expert witnesses. ▉ She also contends the exception was inapplicable in the present case because the testifying police officer did not have sufficient information from the expert witness to assist the magistrate in gauging the reliability of the expert's statements. We reject both contentions.

Proposition 115 amended section 872, subdivision (b) to provide:

"Notwithstanding Section 1200 of the Evidence Code, the finding of probable cause [at a preliminary examination] may be based in whole or in part upon the sworn testimony of a law enforcement officer relating the statements of declarants made out of court offered for the truth of the matter asserted. Any law enforcement officer testifying as to hearsay statements shall either have five years of law enforcement experience or have completed a training course . . . in the investigation and reporting of cases and testifying at preliminary hearings."

■ We find nothing in amended section 872, in *Whitman*, or in the history of Proposition 115 that supports petitioner's suggestion that we exclude all expert witnesses from coverage under section 872, subdivision (b). To the contrary, on the face of section 872 there is no limitation whatsoever on the "declarants" whose extrajudicial statements may be received in evidence in a preliminary examination. (*Whitman* v. *Superior Court, supra,* 54 Cal.3d at p. 1073.) The purpose of this portion of Proposition 115—to streamline the preliminary hearing process—militates against excluding criminalists and other law enforcement personnel from the ambit of "declarants" whose hearsay statements may be received at preliminary examinations. (See *id.* at p. 1075.) Accordingly, we decline to exclude expert witnesses from the scope of "declarants" under section 872.

■ Petitioner also argues that Johnson was not qualified to present Woicheson's statement because Johnson lacked sufficient knowledge of the facts and circumstances underlying the statement. Petitioner says anybody in the courtroom could have gotten the same amount of information from Woicheson and "regurgitated" it as Johnson did.

Section 872's emphasis on testimony by a qualified law enforcement officer, especially as that requirement was reinforced in *Whitman*, undermines petitioner's contention. The underlying presumption of the statute is that the experienced or trained investigating officer will do more than passively listen to the expert witness. The investigating officer presumably will know enough about the use in court of the particular variety of expert testimony and will ask the right questions of the expert to establish a substantial degree of reliability of the expert's statement for preliminary examination purposes. The qualifications requirement contemplates that the investigating officer will use significant discretion "to assess the circumstances under which the [extrajudicial] statement is made and to accurately describe those circumstances to the magistrate so as to increase the reliability of the underlying evidence." (*Whitman* v. *Superior Court, supra,* 54 Cal.3d at p. 1074.)

On the present record, there is no reason to believe Johnson did not fulfill the role of investigating officer as contemplated by section 872. Johnson testified that Woicheson said the laboratory was licensed and that he used the same test here he had used 10,000 times before. Petitioner chose not to cross-examine on these claims. It is reasonable to infer from Woicheson's statements that the laboratory had complied with the regulations for licensed laboratories and that the present test was an unremarkable example of the routine testing procedure.

Of course, in a given case the magistrate (or the superior court on a § 995 motion or an appellate court in a writ proceeding) might conclude that an officer's testimony does not provide a sufficient indication of reliability to permit introduction of the extrajudicial statement. For example, the court might reject such testimony if, under cross-examination, an investigating officer says the expert expressed doubts about a test result. Another example might be an officer revealing that he had *not asked* the expert whether the test results appeared valid and unexceptional. In these circumstances, the court may decline to admit the test results as unreliable without personal testimony from the criminalist.

Yet another situation could be an officer not understanding enough about the test results to meaningfully convey the conclusions of the expert. The results of a highly sophisticated test may not be understandable to the magistrate without the kind of interpretation and explanation only a knowledgeable expert could give. By contrast, the test result in the present case was reported to the officer, and by the officer to the magistrate, in terms of the statutory measure for such tests, namely, "grams of alcohol per 100 milliliters of blood." (Veh. Code, § 23152, subd. (b).) Such a result needs no interpretation by the expert or the testifying officer.

Petitioner argues the court was not in a position to determine the reliability of Woicheson's extrajudicial statements because Johnson did not know the name of the machine on which Woicheson ran the test and did not know how the machine works. This detailed knowledge was not necessary in the present case to assure the requisite degree of reliability at the preliminary hearing.

As the Supreme Court pointed out in *Whitman*, the degree of reliability required at the preliminary hearing is rather limited, in light of the limited purposes of the hearing. (*Whitman* v. *Superior Court, supra,* 54 Cal.3d at p. 1078.) "Although the underlying reliability of the victim or witness may remain untested until trial, we think the evaluation and cross-examination of the testimony of the qualified investigating officer provides sufficient basis for a pretrial probable cause determination." (*Ibid.*)

Finally, the routine nature of the expert evidence in this case provides its own assurance of reliability sufficient for preliminary hearing purposes. Johnson testified that Woicheson said he and his laboratory were certified by the Department of Health. Detailed regulations for conducting blood-alcohol analysis are set forth in the California Code of Regulations, title 17, section 1215 et seq. By establishing recordkeeping (§ 1222.1), training (§ 1216.1), and quality control (§§ 1220.2-1220.3) requirements, the regulatory scheme is intended to provide assurance that test results will be scientifically valid. (See *People* v. *Adams* (1976) 59 Cal.App.3d 559, 571 [131 Cal.Rptr. 190] (dis. opn. of Rattigan, J.).) In the absence of testimony showing that the present test deviated from these regulatory norms, the regulations provide ample assurance of reliability.

The petition for writ of prohibition is denied. The stay of proceedings previously ordered in this matter is hereby vacated.

Ardaiz, Acting P. J., and Buckley, J., concurred.